43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 STATE BANK OF WILEY, Wiley Colorado, a corporation; Grace
M. Hays, Plaintiffs,
v.
Eldon HAYS, Defendant-Appellant,
and
Dennis SMITH, as Public Trustee of Otero County; Common
Title Bond and Trust, P.C., Defendants,
v.
STATE BANK OF WILEY, Cross-Claim-Defendant,
and
George McLACHLAN; Johnson, McLachlan and Dicola; John S.
Lefferdink; Lefferdink, Davis, and Bullock; Lefferdink and
Bullock, Larry E. Mosher, Linda J. Mosher, Arthur Esgar,
Frederick Esgar, David Esgar, John Eberly, Dennis Smith,
John Gelhausen; John Gehlhausen, P.C.; Winter Livestock,
Inc.; Mich Buebaker; Lich, Herold and Mackiewicz; John M.
Vodra; Victor J. Lich, Esq., and John and Jane Does 1-100,
Third-Party-Defendants,
and
Norman L. ARENDS, Garth L. Nieschburg,; Resolution Trust
Corporation, Receiver in Bankruptcy for Heritage
Savings and Loan Association; Rose Ann
Yates, Third-Party-Defendants-Appellees.
 No. 94-1138.
 United States Court of Appeals,
 Tenth Circuit.
 Dec. 6, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R.34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court entering summary judgment in favor of defendant RTC, receiver in bankruptcy for Heritage Savings and Loan Association, on the grounds that appellant Hays failed to exhaust his administrative remedies under the statutory requirements of the Federal Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA) 12 U.S.C. 1821(d). Pro se petitioner Hays alleges that the district court erred in granting this dismissal. We agree with the district court that petitioner was required to exhaust his administrative remedies through the claims procedure established by 12 U.S.C. 1821(d)(13)(D). Therefore, we affirm the order of the district court granting summary judgment in favor of the Resolution Trust Corporation and remanding the remainder of this action to Prowers County District Court in the State of Colorado. AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470